RECEIVED
_____ ENTERED         _____ SERVED ON
         COUNSEL/PARTIES OF RECORD

JUN 2 5 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HADARI STALLWORTH,

                 Plaintiff,

v.

STOLK,

                 Defendant.

3:16-cv-00565-MMD-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion for summary judgment (ECF No. 15). Plaintiff opposed (ECF No. 21), and defendant replied (ECF No. 22). Additionally, plaintiff filed a motion for summary judgment (ECF No. 20), which plaintiff opposed (ECF no. 23). For the reasons stated below, the court recommends that defendant's motion for summary judgment (ECF No. 15), as well as plaintiff's motion for summary judgment (ECF No. 20) be denied.

    I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    Hadari Stallworth ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). The events that give rise to this action transpired at Ely State Prison ("ESP") in Ely, Nevada. (ECF No. 6 at 1; ECF No. 15 at 1.) Pursuant to 42 U.S.C. § 1983, plaintiff brings two civil rights claims against ESP Correctional Officer Michael "Jason" Stolk ("Stolk") and seeks monetary damages and injunctive relief. (ECF No. 5 at 5.)

    Plaintiff filed his complaint on September 29, 2016, which sets forth the following allegations. (ECF No. 6.) On June 3, 2016, two ESP correctional officers transported plaintiff from ESP to Northern Nevada Correctional Center ("NNCC") in a prison transport van. (*Id.* at 4.) Plaintiff was fully restrained in handcuffs, waist chains, and ankle chains. (*Id.* at 5.) During a rest stop, Stolk opened the backdoor of the van and grabbed plaintiff's testicles "in a very hard

grip." (*Id.* at 4.) Stolk repeatedly squeezed plaintiff's testicles while verbally abusing plaintiff, causing plaintiff to "cry out in pain." (*Id.*)

The court screened plaintiff's complaint and permitted him to proceed on his Count I sexual assault claim and his Count II excessive force claim. (ECF No. 5 at 5.) Stolk moves for summary judgment solely on the grounds that plaintiff failed to properly exhaust his administrative remedies prior to filing his complaint. (ECF No. 15.) Plaintiff opposed (ECF No. 21), and Stolk replied. (ECF No. 22.) Additionally, plaintiff filed a cross-motion for summary judgment (ECF No. 20), which Stolk opposed. (ECF No. 23.) This report and recommendation follows.

## II. LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of

1  the nonmoving party's claim or defense or show that the nonmoving party does not have enough
2  evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz*
3  *Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on
4  the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury
5  finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323;
6  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence
7  and any inferences arising therefrom in the light most favorable to the nonmoving party.
8  *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

9      Where the moving party meets its burden, the burden shifts to the nonmoving party to
10 "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle*
11 *Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a
12 light one," and requires the nonmoving party to "show more than the mere existence of a
13 scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from
14 which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations
15 omitted). The nonmoving party may defeat the summary judgment motion only by setting forth
16 specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*,
17 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce
18 authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and
19 "metaphysical doubt as to the material facts" will not defeat a properly-supported and
20 meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475
21 U.S. 574, 586–87 (1986).

22     For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant
23 in motions and pleadings are admissible to the extent that the contents are based on personal
24 knowledge and set forth facts that would be admissible into evidence and the litigant attested
25 under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th
26 Cir. 2004).

27
28

## III. DISCUSSION

### A. Failure to Exhaust Administrative Remedies

#### 1. Exhaustion under the PLRA

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The requirement's underlying premise is to "reduce the quantity and improve the quality of prisoner suits" by affording prison officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* at 524–25.

The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Proper exhaustion means an inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90). Thus, exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90–91.

In the Ninth Circuit, a motion for summary judgment will typically be the appropriate vehicle to determine whether an inmate has properly exhausted his or her administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166. The question of exhaustion "should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id.* at 1170.

...

4

1   Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007).
2   The defendant bears the burden of proving that an available administrative remedy was
3   unexhausted by the inmate. *Albino*, 747 F.3d at 1172. If the defendant makes such a showing,
4   the burden shifts to the inmate to "show there is something in his particular case that made the
5   existing and generally available administrative remedies effectively unavailable to him by
6   'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate,
7   or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*,
8   747 F.3d at 1172).

### 2.   NDOC's Inmate Grievance System

Administrative Regulation ("AR") 740 governs the grievance process at NDOC institutions. An inmate must grieve through all three levels: (1) Informal; (2) First Level; and (3) Second Level. (*See* Def. Exh. B.) The inmate may file an informal grievance within six months "if the issue involves personal property damages or loss, personal injury, medical claims or any other tort claims, including civil rights claims." (*Id.* at 6.) The inmate's failure to submit the informal grievance within this period "shall constitute abandonment of the inmate's claim at this, and all subsequent levels." (*Id.* at 7.) NDOC staff is required to respond within forty-five days. (*Id.* at 8.) An inmate who is dissatisfied with the informal response may appeal to the formal level within five days. (*Id.*)

At the first formal level, the inmate must "provide a signed, sworn declaration of facts that form the basis for a claim that the informal response is incorrect," and attach "[a]ny additional relevant documentation." (*Id.*) The grievance is reviewed by an official of a higher level, who has forty-five days to respond. (*Id.* at 9.) Within five days of receiving a dissatisfactory first-level response, the inmate may appeal to the second level, which is subject to still-higher review. (*Id.*) Officials are to respond to a second-level grievance within sixty days, specifying the decision and the reasons the decision was reached. (*Id.*) Once an inmate receives a decision disposing of the second-level grievance, he or she is considered to have exhausted available administrative remedies and may pursue civil rights litigation in district court.

1   An official grievance response that exceeds the timeframe does not result in an automatic
2   finding for the inmate. (*Id.* at 5.) Rather, AR 740.038 requires the official to complete the
3   response, even if it is overdue. (*Id.*) In turn, the inmate may await the response before appealing,
4   with the applicable timeframe suspended until the inmate receives the overdue response. (*Id.*)
5   Alternatively, the inmate may immediately appeal to the next grievance level without awaiting a
6   response, though this option is not available at the second grievance level. (*Id.*)

### 3. Exhaustion of Plaintiff's Claims

Stolk's sole argument for summary judgment is that plaintiff did not properly exhaust his available administrative remedies under the PLRA and AR 740. (*See* ECF No. 15 at 4-8.) Specifically, Stolk contends that plaintiff did not receive a response on the merits on his first and second level grievance. (*Id.*) In support of his position, Stolk provides a copy of plaintiff's grievance 2006-30-25099, which he contends is the only grievance relating to plaintiff's claims. (Def. Exh. B at 31; *see* Exhs. C–F.) Plaintiff does not dispute that grievance 2006-30-25099 is the relevant grievance. (*See* ECF No. 21.) Instead, he argues that he exhausted the first level when prison officials exceeded their timeframe to respond, and that he exhausted the second level upon receiving an improper denial. (ECF No. 29 at 2.)

Even assuming *arguendo* that Stolk has carried his burden of establishing that plaintiff failed to properly exhaust NDOC's grievance procedure, plaintiff succeeds in showing that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him" at the first and second levels. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1172). The Ninth Circuit recognizes that "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA." *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010). The *Sapp* court reasoned that "[i]f prison officials screen out an inmate's appeals for improper reasons, the inmate cannot pursue the necessary sequence of appeals, and administrative remedies are therefore plainly unavailable." *Id.* To meet this exception to the exhaustion requirement, an inmate "must establish (1) that he

actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." *Id.* at 823. *Id.* ("To fall within this exception, a prisoner must show that he attempted to exhaust his administrative remedies but was thwarted by improper screening.")

          i.   *Sufficiency of Plaintiff's Grievance Allegations*

First, the court finds that plaintiff's grievances, if considered on the merits, would suffice to exhaust his Eighth Amendment sexual assault and excessive force claims. Plaintiff's allegations that Stolk maliciously squeezed plaintiff's testicles during plaintiff's transport to NNCC are more than sufficient to "alert the prison to the nature of the wrong for which the redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009); (ECF No. 15 Def. Exh. C at 2). The informal grievance was forwarded to the inspector general's office and apparently denied on the merits. (ECF No. 15 Def. Exh. B at 31; ECF No. 15 Def. Exh. D at 2); *see Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016) (denial of grievance on the merits waives procedural issues).

Plaintiff timely filed a first level grievance, and though it was returned for failure to attach all relevant documentation, plaintiff resubmitted a corrected first level grievance. (*See* ECF No. 15 Def. Exhs. D, E.) Plaintiff's resubmitted first level grievance was ultimately rejected for failing to include a remedy. (ECF No. 15 Def. Exh. G.) However, a cursory glance at plaintiff's resubmission shows that plaintiff requested a remedy: compensatory damages of $10,000 and the termination of Stolk's employment at ESP. (ECF No. 15 Def. Exh. E.) Because the grievance handler did not otherwise indicate that plaintiff's resubmitted first level grievance was improper, the court finds that plaintiff would have exhausted his administrative remedies at the first level had his resubmitted grievance been considered on the merits.

The parties do not dispute that plaintiff's second level grievance contained all relevant factual allegations and documentation. (*See* ECF Nos. 15, 21.) Moreover, plaintiff's second

7

level grievance contains allegations against Stolk that are nearly identical to those found in his complaint. (*Compare.* ECF No. 15 Def. Exh. F *with* ECF No. 6.) Thus, plaintiff's grievances would have sufficed, if considered on the merits, to exhaust his Eighth Amendment sexual assault claim and excessive force claim. *Sapp*, 623 F.3d at 823.

        *ii. Improper Screening*

Next, the court finds that plaintiff's first level grievance was improperly screened at the first level. As mentioned above, plaintiff's first level grievance was initially denied for failing to include all relevant documents. (Def. Exh. D at 2.) Plaintiff adhered to the directions in the official response and, on August 4, 2016, resubmitted his first level grievance with the requisite documentation and information. (ECF No. 15 Def. Exh. D at 2.) Prison officials denied plaintiff's grievance for failing to request a remedy, but this screening was improper; plaintiff's resubmitted first level grievance plainly states that he seeks "compensatory damages of $10,000 and this officer's job at this prison to be terminated." (ECF No. 15 Def. Exh. G). Moreover, plaintiff did not receive an official response until December 22, 2016, nearly five months after resubmitting his first level grievance and three months after the expiration of prison officials' forty-five-day time frame to respond. (*See* ECF No. 15 Exh. A at 7); *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (recognizing that administrative remedies effectively unavailable when unduly prolonged or obviously futile). Plaintiff is excused from exhausting his administrative remedies at the first level because prison officials failed to timely or properly respond to plaintiff's grievance and, thus, interfered with plaintiff's ability to "pursue the necessary sequence of appeals." *Sapp*, 623 F.3d at 823; *Dole v. Chandler*, 438 F.3d 894, 809, 811 (7th Cir. 2006).

Additionally, the court finds that prison officials improperly screened plaintiff's second level grievance. Plaintiff did not receive an official response to his resubmitted first level grievance within the allotted time frame under AR 740.06(4). (ECF No. 15 Exh. A at 8) ("the time limit for a response to the inmate for the first level grievance is forty-five (45) days ...."). AR 740.03(8)(B) states that an "inmate may proceed to the next grievance level, except at the

second level, if a response is overdue." (ECF No. 15 Def. Exh. A at 4.) Based on this provision, plaintiff filed his second level grievance five days thereafter. (ECF No. 15 Def. Exh. F.) Prison officials denied plaintiff's second level grievance and, contrary to plaintiff's interpretation of AR 740.03(8)(B), instructed him to "wait for the response." (ECF No. 15 Exh. F at 1.)

Stolk does not dispute this sequence of events, and instead argues only that AR 740.03(8)(B) does not permit prisoners to proceed from the first level to the second level when an official response becomes overdue. The court disagrees. The language of AR 740.03(8)(B) unambiguously states that an inmate "*at* the second level" may not proceed to the next grievance level when the inmate has not received an official response within the applicable time frame. (ECF No. 15 Exh. A at 4 (emphasis added)). It does not prohibit an inmate from proceeding *to* the second grievance level. *US v. Hagberg*, 207 F.3d 569 (9th Cir. 2000) (where a regulation is plain on its face, statutory construction is unnecessary). Thus, prison officials misapplied AR 740.03(8)(B) in finding that plaintiff was required to wait for an overdue first level response before proceeding to the second level.

Even if AR 740.03(8)(B) were ambiguous on its face, a textual analysis indicates that it allows prisoners to proceed from the first grievance level to the second grievance level. *Student Loan Fund of Idaho, Inc. v. U.S. Dept. of Educ.*, 272 F.3d 1155 (9th Cir. 2001) (the tools of statutory construction require a court to begin by engaging in a textual analysis and reading the words of a statute in their context). AR 740.03(8)(B) entitles an inmate to proceed to "the next grievance level," rather than to an enumerated grievance level, when a response is overdue. (ECF No. 15. Def. Exh. A at 4.) Because NDOC's grievance system contains only three levels, Stolk's interpretation would entail that an inmate could only proceed from the informal level to the first level. This narrow reading conflicts with the generalized language that AR 740.03(8)(B) employs. Furthermore, when read in context, this provision appears within a subsection of general applicability — "AR 740.03 Grievance Issues" — rather than within AR 740.05, which specifically governs informal grievances. (*See id.*) Lest this mistake be made again, the court

squarely finds that AR 740.03(8)(B) permits inmates at the first grievance level to proceed to the second grievance level once the first level official response is overdue.

Plaintiff's first and second level grievance provided prison officials with the "time and opportunity to address complaints internally *before* allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 525 (2002) (emphasis added). Rather than address plaintiff's grievances on the merits, prison officials "unduly prolonged" their first level response to plaintiff and, ultimately, improperly screened plaintiff's first and second level grievance on procedural grounds. *Albino*, 747 F.3d at 1172. The improper application of AR 740's technical requirement to reject plaintiff's first and second level grievances gives rise to "a good faith belief that administrative remedies were effectively unavailable." *Sapp*, 623 F.3d at 826. Accordingly, plaintiff exhausted all available administrative remedies for his Eighth Amendment sexual assault and excessive force claims. The court recommends that Stolk's motion for summary judgment be denied in its entirety.

### B. Plaintiff's Motion for Summary Judgment

In his motion for summary judgment, plaintiff provides declarations from four inmates whose cells neighbor plaintiff's cell. (*See* ECF No. 15 Def. Exh. B-E.) These inmates aver that they observed Stolk and other correctional officers make inculpatory statements, some of which concern Stolk's alleged assault on plaintiff. (*Id.*) Stolk appears to argue that these declarations are inadmissible as hearsay, and that issues of material fact persist because none of the inmates were witnesses to the alleged assault. (ECF No. 23 at 3-4.)

Federal Rules of Civil Procedure Rule 56(c)(1) requires a nonmoving party to support their assertion that a fact is genuinely disputed with citations to "particular parts of material in the record, including depositions, documents ... affidavits or declarations...interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1). Rule 56(c)(2) enables a party to object to exhibits attached to motions for summary judgment when those exhibits "cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). Furthermore, Rule (c)(4) provides in relevant part that declarations attached to summary judgment motions "must

be made on personal knowledge [and] set out facts that would be admissible in evidence ...." FED. R. CIV. P. 56(c)(4). Unless uncontested, courts will not consider declarations attached to summary judgment motions that fail to satisfy the Rule 56(c) prerequisites. *Id.*; *Hall v. CIA*, 538 F. Supp. 2d 64 (D.D.C. 2008) (striking portion of plaintiff's noncompliant declaration under court's inherent power).

Inmate Marc Trusty asserts in his declaration that he heard ESP Correctional Officer Montoya tell plaintiff that Stolk told him "what happened ...." (ECF No. 20 at 33.) To the extent that Trusty's declaration is probative, if at all, it impermissibly attempts to introduce Montoya's statements regarding a conversation he had with Stolk to establish that Stolk assaulted plaintiff. This is hearsay. FED. R. EVID. 801(c). Plaintiff fails to argue that an exception applies, and nothing suggests that this evidence could be introduced in an admissible form. *See* FED. R. CIV. P. 56(c)(4) (a declaration must "set out facts that would be admissible in evidence).

However, inmates David Bresselsmith, Mohamed Sarioul, and William Bell declare that they overheard Stolk directly admit to grabbing plaintiff's testicles. (*See* ECF No. 20 at 28, 31, 35.) Because Stolk is a party to this action, testimony regarding his admissions is exempted from the rule against hearsay as an opposing party's statement. FED. R. EVID. 801(d)(2)(A). Stolk fails to articulate any alternative grounds for finding that Bresselsmith, Sarioul, or Bell's declarations are inadmissible at the summary judgment stage. (*See* ECF No. 23 at 3-4.)

Additionally, Stolk argues that issues of material fact preclude summary judgment for plaintiff. (*Id.*) In Stolk's view, the attached declarations are insufficient to support plaintiff's motion because "none of the other inmates were witnesses to the alleged event." (*Id.* at 3.) Not so. Stolk's admission may be introduced, by way of the inmate declarations, to prove the truth of the matter asserted — that Stolk grabbed plaintiff's testicles. *See* FED. R. EVID. 801(c), (d)(2); *see, e.g., U.S. v. Bonds*, 608 F.3d 495 (9th Cir. 2010). Although Stolk's opposition brief states that he "and all other Officers[sic] on the transport *could* testify that the event never occurred," he provides no evidence to dispute the facts asserted in the declarations attached to plaintiff's

11

1  motion. (ECF No. 23 at 3); *see* FED. R. CIV. P. 56(c)(1) (requiring parties to cite to evidence to support their assertion that genuine disputes of material fact exist); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (mere assertions and "metaphysical doubt" cannot defeat a properly supported summary judgment motion). Under Rule 56(e)(3), the court is free to grant summary judgment so long as Stolk's admissions, as reported in plaintiff's declarations, assert facts that satisfy the elements of plaintiff's Eighth Amendment sexual harassment claims and excessive force claim. FED. R. CIV. P. 56(e)(3), (e)(2).

Without considering the sufficiency of plaintiff's evidence, the court declines to exercise its discretion to grant plaintiff's motion for summary judgment. Stolk's failure to meet plaintiff's declarations with his own can be partially attributed to the fact that the parties have not entered discovery. Stolk's assertion that he and the other officers present on the day of the incident can testify to the events that transpired is insufficient as a matter of form, not substance, and suggests that Stolk can provide admissible evidence to rebut plaintiff's declarations. Although the court recognizes that Stolk's opposition to plaintiff's motion for summary judgment is lacking, it also finds that granting summary judgment without permitting further evidence-gathering is improper. *See* FED. R. CIV. P. 56(e)(1), (e)(4).

C.  **Plaintiff's Proposed Amended Complaint**

Finally, plaintiff appears to move the court for leave to amend his complaint and attaches his proposed first amended complaint ("FAC"). (ECF No. 20 at 8, 58-70); *see Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates.") The proposed FAC seeks to add Horsley, an investigator for the Office of the Inspector General, as a defendant. (*Id.* at 59, 62.) It retains plaintiff's Eighth Amendment sexual assault claim (Count I) and excessive force claim (Count II) brought against Stolk, and seeks to add three claims: a First Amendment denial of access to courts claim against Stolk (Count III); an Eighth Amendment failure to protect claim against Horsley (Count IV); and, a First Amendment

retaliation claim against Stolk and Horsley (Count V). (*Id.* at 62-63.) Stolk does not contest plaintiff's proposed FAC. (*See* ECF No. 23.)

Because Count III and Count V arise from actions "that occur[ed] subsequent to the filing of the complaint," the court construes plaintiff's request as a motion to supplement under Federal Rule of Civil Procedure ("FRCP") Rule 15(d). *Albrecht v. Long Island Railroad*, 134 F.R.D. 40, 41 (E.D.N.Y.1991). Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). District courts have "broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *U.S. for Use of Atkins v. Reiten*, 313 F.2d 673 (9th Cir. 1963). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.,* Inc., 668 F.2d 1014, 1057 (9th Cir.1982) (citations omitted).

It makes little difference whether the court treats plaintiff's motion as a motion to supplement rather than a motion to amend because the factors relevant to a Rule 15(d) motion to supplement a complaint are essentially the same as those considered when addressing a motion to amend under Rule 15(a). *Mendota Water Authority v. U.S. Dept. of Interior*, 236 F.R.D. 491 (E.D. Cal. 2006); *Micron Technology, Inc. v. Rambus Inc.*, 409 F. Supp. 2d 552 (D. Del. 2006). Federal courts balance five factors when considering a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014).

      i.   *Count III Denial of Access to Courts Claim and Count V Retaliation Claim Against Stolk*

In the absence of Stolk's briefing, it appears to the court that the *Desertrain* factors weigh in plaintiff's favor on his Count III denial of access to courts claim and Count V

retaliation claim against Stolk. 754 F.3d at 1154; see *Eminence Capital*, 316 F.3d at 1052 (presumption in favor of granting leave to amend when defendant fails to carry burden of showing *Desertrain* factors). Plaintiff alleges that both claims arise from Stolk's repeated refusal to provide plaintiff with grievance forms "because [Stolk] is a noted defendant in multiple cases" brought by plaintiff. (ECF No. 20 at 62-63.) His claims are not ostensibly futile given that prisoners have a well-established right to access grievance procedures, *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), and "retaliation against prisoners for their exercise of this right is itself a constitutional violation ...." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Furthermore, plaintiff alleges that Stolk engaged in this conduct on January 9, 2018. (*Id.*) Because plaintiff filed his motion for summary judgment, which includes this motion to supplement, on March 2, 2018, no bad faith or undue delay is apparent. *Phoenix Technologies, Inc. v. TRW, Inc.*, 834 F. Supp. 148. (E.D. Pa.1993) (no undue delay where party moved to add claim two weeks after deposition in which facts underlying claim discovered); see *Kneen v. Zavaraz*, 885 F.Supp.2d 1055 (D. Colo. 2012) (finding that court's "slowness in ruling" not proper basis for finding undue delay). Plaintiff has not previously amended or supplemented his complaint. Nor would the proposed claims prejudice Stolk, as discovery has not yet opened. See *Euro-Pro Operating LLC v. Dyson Inc.*, 164 F.Supp.3d 235 (D.Mass.2016) (request for leave to add claim that would require reopening of discovery prejudicial). Additionally, Stolk is a party to this action so allowing plaintiff to supplement "promote[s] as complete an adjudication of the dispute between the parties as possible ...." *ITT Cont'l Baking Co.*, Inc., 668 F.2d at 1057.

   i. *Count IV Failure to Protect Claim and Count V Retaliation Claim Against Horsley*

This analysis does not extend to plaintiff's Count IV failure to protect claim against Horsley. Plaintiff claims in Count IV that Horsley failed to prevent Stolk from allegedly grabbing plaintiff's testicles on June 3, 2016. (ECF No. 20 at 62.) While plaintiff does not ascribe a date on which he made Horsley aware of the possibility of this assault, any claim he

had against Horsley necessarily ripened on or before June 3, 2016. As Plaintiff's filed his original complaint on September 29, 2016, his failure to include his Count IV claim against Horsley in his complaint raises an inference of undue delay and bad faith. (*See* ECF No. 1-1); *Robinson v. Cuyler*, 511 F. Supp. 161 (E.D. Pa. 1981) (prisoner's motion for leave to amend denied because filed nearly three years after complaint but rested on information known to prisoner and alleged in the original complaint).

The court also finds that plaintiff's Count V retaliation claim against Horsley would be futile. There are five basic elements for a viable claim of First Amendment retaliation in the prison context: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Brodheim*, 584 F.3d at 1269 (quoting *Rhodes*, 408 F.3d at 567-68). Plaintiff alleges in Count V that Horsley was charged with investigating plaintiff's grievance against Stolk but "denied the help [plaintiff] was entitled to per the Eighth Amendment" after becoming aware that "this was a claim against someone he 'knew.'" (ECF No. 20 at 63.) Plaintiff fails to assert that he engaged in a protected activity, and that such conduct motivated Horsley to take and adverse action against plaintiff. At best, plaintiff's allegations imply that Horsley concluded his investigation in Stolk's favor because of a preexisting relationship with Stolk. Without more, the court finds that plaintiff's First Amendment retaliation claim against Horsley would be futile.

Accordingly, the court recommends that plaintiff's motion for leave to supplement his complaint be granted to the extent that it seeks to add a First Amendment denial of access to courts claim (Count III) and First Amendment retaliation claim (Count V) against Stolk. However, the court recommends that plaintiff's motion be denied to the extent that it seeks to add an Eighth Amendment failure to protect claim (Count IV) and First Amendment retaliation claim (Count V) against Horsley.

## IV. CONCLUSION

For the foregoing reasons, the court recommends that Stolk's motion for summary judgment (ECF No. 15) be denied because plaintiff exhausted the administrative remedies available to him. The court also recommends that plaintiff's motion for summary judgment (ECF No. 20) be denied, as summary judgment would be inappropriate. *See* FED. R. CIV. P. 56(e)(1), (e)(4). Finally, the court recommends that plaintiff's motion to supplement his complaint be granted with respect to plaintiff's additional claims against Stolk, but recommends that his motion be denied to the extent that it seeks to add Horsley as a defendant.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Stolk's motion for summary judgment (ECF No. 15) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for summary judgment (ECF No. 20) be **DENIED**

**IT IS FURTHER RECOMMENDED** that plaintiff's motion to supplement his complaint (ECF No. 20) be **GRANTED** as to his First Amendment denial of access to courts claim (Count III) and his First Amendment retaliation claim (Count V) against Stolk;

**IT IS FURTHER RECOMMENDED** that plaintiff's motion to supplement his complaint (ECF No. 20) be **DENIED** as to his Eighth Amendment failure to protect claim (Count IV) and First Amendment retaliation claim (Count V) against Horsley.

DATED: June 25, 2018

_____
UNITED STATES MAGISTRATE JUDGE