1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                              DISTRICT OF NEVADA

                                      * * *

9    HADARI STALLWORTH,                    Case No. 3:16-cv-00565-MMD-VPC

10                         Plaintiff,       ORDER ACCEPTING AND ADOPTING
                                            REPORT AND RECOMMENDATION
11       v.                                     OF MAGISTRATE JUDGE
                                                 VALERIE P. COOKE
12   STOLK,

13                         Defendant.

14          Before the Court is the Report and Recommendation of United States Magistrate

15   Judge Valerie P. Cooke (ECF No. 24) ("R&R") relating to Defendant's motion for

16   summary judgment ("Defendant's Motion") (ECF No. 15) and Plaintiff's motion filed in

17   response to Defendant's Motion ("Plaintiff's Motion") (ECF No. 20). The Magistrate

18   Judge recommends denying Defendant's Motion and granting Plaintiff's Motion as it

19   relates to request to amend certain claims. (ECF No. 24.) To date, no objection to the

20   R&R has been filed.

21          This Court "may accept, reject, or modify, in whole or in part, the findings or

22   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

23   timely objects to a magistrate judge's report and recommendation, then the court is

24   required to "make a *de novo* determination of those portions of the [report and

25   recommendation] to which objection is made." *Id.* Where a party fails to object, however,

26   the court is not required to conduct "any review at all . . . of any issue that is not the

27   subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth

28   Circuit has recognized that a district court is not required to review a magistrate judge's

report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

The Magistrate Judge recommends as follows with respect to the parties' motions: (1) deny Defendant's Motion seeking summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies; (2) deny Plaintiff's Motion as it relates to Plaintiff's request for summary judgment; and (3) grant Plaintiff's Motion as it relates to Plaintiff's request to amend his Complaint to add a First Amendment denial of access to courts claim (Count III) and First Amendment retaliation claim (Count V) against Stolk, and deny Plaintiff's request to amend his Complaint to add an Eighth Amendment failure to protect claim (Count IV) and First Amendment retaliation claim (Count V) against Horsley. (ECF No. 24.) Because the parties have failed to object, the Court adopts these recommendations.

It is therefore ordered the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 24) is accepted and adopted in its entirety.

It is ordered that Defendant's motion for summary judgment (ECF No. 15) is denied.

It is further ordered that Plaintiff's Motion (ECF No. 20) is granted in part and denied in part. The motion is denied as it relates to Plaintiff's request for summary judgment. The motion is granted as it relates to Plaintiff's request to amend his Complaint to add a First Amendment denial of access to courts claim (Count III) and

First Amendment retaliation claim (Count V) against Stolk; and is denied as it relates to Plaintiff's request to amend his Complaint to add add an Eighth Amendment failure to protect claim (Count IV) and First Amendment retaliation claim (Count V) against Horsley.

It is further ordered that the Clerk of the Court file Plaintiff's amended complaint found at ECF No. 20 at 58-70.

DATED THIS 17th day of July 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE